# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:26-CR-14 |
| | ) | JUDGES CRYTZER/McCOOK |
| | ) | |
| TYLER SHANE WELLS | ) | |

## MOTION FOR PRE-TRIAL RELEASE

Comes defendant Tyler Wells and respectfully moves the Court for an order releasing him pending trial. Mr. Wells asks that the Court enter an order releasing him without holding a detention hearing because the Government has not met its burden under 18 U.S.C. § 3142(f)(2). In the alternative, if the Court holds a hearing, Mr. Wells asks the Court to deny the government's request to detain him and to release him on his recognizance subject to standard conditions of release. 18 U.S.C. § 3142(b)

**1. Introduction**

Mr. Wells was taken into custody and appeared before the Court on January 23, 2026. Undersigned counsel was not present but understands that a hearing has been set for January 26, 2026, and that the Court took under consideration whether the Government has established a right to a detention hearing. Counsel is filing this motion for release without a hearing because of uncertainty about whether there could be a weather-related delay and because the Bail Reform Act does not require a hearing under the circumstances. In the event the Court holds a detention hearing, Mr. Wells should be released because he is neither a danger nor a flight risk.

**2. The Government Has Not Shown a Right to a Detention Hearing**

The Bail Reform Act presumes pre-trial release. In fact, the statute does not create the right

to have a detention hearing unless the Government can satisfy one of the specific statutory bases under 18 U.S.C. § 3142(f).

In an opinion by Chief Judge McDonough, this Court has set out the two step inquiry. The Government must meet a threshold before the Court will hold a detention hearing:

> The Court is authorized to conduct a detention hearing (*i.e.*, to consider whether to detain Defendant) only if the Government first establishes that one of the circumstances listed in Title 18, United States Code, Section 3142(f) exists. *See United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("In other words, § 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [six circumstances listed in (f)(1)(A), (f)(1)(B), (f)(1)(C), (f)(1)(D), (f)(2)(A) and (f)(2)(B)]."); *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988) ("After a motion for detention has been filed, the district court must undertake a two-step inquiry. . . . It must first determine by a preponderance of the evidence . . . that the defendant has either been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction [*717] of justice."); [**2] *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988) ("[T]he structure of the statute and its legislative history make it clear that Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists.").

*United States v. Mendoza-Balleza*, 420 F. Supp. 3d 716, 716-17 (E.D. Tenn. 2019).

In a recent case relying on this Court's opinion in *Mendoza-Balleza*, the United States District Court for the Middle District of Tennessee undertook a comprehensive review of the process to be used with the government seeks a detention hearing:

> *Hardon* thus teaches that a detention hearing is authorized only "if one of the six [now seven] circumstances set forth in § 3142(f)(1)(A)-(D) and (f)(2)(A)-(B) are met." [citing *United States v. Hardon*, (unpublished) 1998 U.S. App. LEXIS 12180, 1998 WL 320945 (6th Cir. June 4, 1998)]. It further teaches that if such circumstances are not present, a detention hearing (and, thus, detention) is simply unauthorized, regardless of how the Government would fare with respect to risk of nonappearance and danger to other persons or the community. Ergo, if the circumstance alleged by the Government [*15] is "serious risk of flight," a "serious risk of flight" must actually be present for the Government to be entitled to a detention hearing.

*United States v. White*, 2021 U.S. Dist. LEXIS 100544, *14-15 (M.D.Tenn. May 27, 2021). See also *United States v. Garcia*, 787 F.Supp.3d 830 (M.D. Tenn. 2025)(insufficient showing for hearing).

The United States District Court for the Western District of Washington has also recently undertaken a comprehensive review of whether a detention hearing should be held:

> The Act authorizes a detention hearing only in certain categories of cases; where [*8] a case does not fall under one of those categories, a detention hearing may not be held. 18 U.S.C. §§ 3142(f)(1)-(2) ("The judicial officer shall hold a hearing . . . *in a case that involves*" one of the enumerated categories (emphasis added)); *see Salerno*, 481 U.S. at 747 ("The [Act] carefully limits the circumstances under which detention may be sought to the most serious of crimes."); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("A hearing can be held only if one of the [] circumstances listed in (f)(1) and (2) is present . . . ."); *United States v. Ploof*, 851 F.2d 7, 9 (1st Cir. 1988) ("Section 3142(f) . . . specifies certain conditions under which a detention hearing shall be held."); *United States v. Singleton*, 182 F.3d 7, 9, 337 U.S. App. D.C. 96 (D.C. Cir. 1999) ("First, a judicial officer must find one of [the] circumstances triggering a detention hearing."); *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986) ("[T]he requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." (quoting S. Rep. No. 98-225, at 20 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3203)); *cf. United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (holding that pretrial detention was unauthorized where the offense was not a "crime of violence" under § 3142(f)(1)).
> The § 3142(f) categories are not mere incantations that will conjure a hearing upon their simple utterance. The Act requires that the Government make a factual showing to justify why it should be given a shot at detention. *See Singleton*, 182 F.3d at 12 ("[A] detention [*9] order is based on a hearing, while *an order to hold a hearing is based on a proffer of what the hearing might establish*." (emphasis added)); *Watkins*, 940 F.3d at 158 ("*Once the Government has demonstrated to the District Court that it is entitled to seek pretrial detention under § 3142(f)*, a judicial officer must promptly hold a hearing." (emphasis added)). Thus, Section 3142(f) serves an important "gate-keeping function," *id.*, by preventing even the *opportunity* to seek detention in all but a certain, narrow subset of cases. Indeed, the Supreme Court's holding that detention imposed by the Act is regulatory, not punitive—and therefore constitutional—is premised in part on the Act's careful limits on when a detention hearing is available. *Salerno*, 481 U.S. at 749 (finding pretrial detention not "excessive in relation to the regulatory goal Congress sought to achieve").

*United States v. Subil*, No. 2:23-cr-00030-TL, 2023 U.S. Dist. LEXIS 99460, at *7-9 (W.D. Wash. June 7, 2023).

The Government's memorandum [doc. 18] argues that pursuant to 18 U.S.C. § 3142(f)(2)(B) "there is a serious risk—by a preponderance of the evidence—that this defendant will obstruct justice and attempt to interfere with witnesses, including by threat and intimidation, if released." Yet the proffer purportedly justifying detention cites only to the underlying allegations in the charged offense. There is no indication that Mr. Wells would obstruct justice or attempt to interfere with witnesses. There is particularly no showing justifying that this would occur by threat and intimidation.

Mr. Wells is not charged with a presumptive detention offense. Under the Government's view anyone charged with obstructing federal law enforcement in the past would be a future risk. That would make these statutes presumptive detention statutes. But Congress declined to do so.

Additionally, there is a big difference between the conduct cited in the government's memorandum and a claim that Mr. Wells would be likely to obstruct justice after being indicted and pending trial in a federal criminal case. There is no indication that Mr. Wells would interfere with a witness in a federal criminal case.

In the *Madoff* case cited by the government, the Court found that the prior alleged conduct was not sufficient to show that there was a serious risk of obstruction. The Court further confirmed "Absent a showing of a serious risk of flight, the Government must show a serious risk of obstruction of justice to merit a detention hearing. 18 U.S.C. § 3142(f)(2)." *United States v.*

*Madoff*, 586 F. Supp. 2d 240, 249 (S.D.N.Y. 2009). The Court also made it clear that this requires much more than claiming a defendant obstructed justice in the past:

> The question is not simply whether Madoff's actions can be considered obstruction, but whether there is a *serious* risk of obstruction in the future. The statute, by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward.

*United States v. Madoff*, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009). See also *United States v. Mullenix*, No. 4:22-cr-00334-JM-1, 2023 U.S. Dist. LEXIS 93915 (E.D. Ark. May 30, 2023) (allegations in indictment were not sufficient for prospective finding).

The only other case cited by the Government does not address the Bail Reform Act. The Government cites *United States v. Estrada Lozano*, 221 F. App'x 742, 749 n.9 (10th Cir. 2007) for the proposition that past behavior predicts future behavior. In that case, the Tenth Circuit was rejecting a sentencing appeal in which a defendant was claiming he should have received a downward departure at sentencing because he said he wouldn't do it again. The case does not support the theory that someone charged with interfering with law enforcement would obstruct justice after being indicted, arrested and released subject to the supervision of the United States Probation Office.

The Government's Memorandum does not show any risk of obstructive conduct in the future. Accordingly, Mr. Wells respectfully moves for release.

3. **Mr. Wells Should Be Released Under the Least Restrictive Conditions**

If the Court holds a hearing, the proof will show that he is a reliable, hardworking individual with a young daughter. He has a stable home and no criminal history. He is not a flight risk or a danger. He is an excellent candidate for pre-trial release pursuant to 18 U.S.C. § 3142(b) or (c).

The standard conditions of release are sufficient to ensure his appearance and to prevent danger.

Respectfully submitted this 25th day of January, 2026, by:

/s/ Wade V. Davies
WADE V. DAVIES [BPR #016052]
The Davies Law Firm, PLLC
800 S. Gay Street, Suite 700
Knoxville, TN 37929
(865) 686-6333
wdavies@wadedavies.law

*Counsel for Tyler Wells*