# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:26-CR-14 |
| v. ) | |
| ) | JUDGES CRYTZER/MCCOOK |
| TYLER SHANE WELLS ) | |

## UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PRETRIAL RELEASE

The United States respectfully opposes the defendant's motion for pretrial release (R. 25). As the United States stated in its previously filed memorandum in support for pretrial detention (R. 18), this is "a case that[] involves . . . a serious risk that [the defendant] will obstruct or attempt to obstruct justice, or threaten . . . or intimidate, or attempt to threaten . . . or intimidate[] a prospective witness[.]" 18 U.S.C. § 3142(f)(2)(B).

**Contrary to the defendant's claim, the government is entitled to a detention hearing here and need not first prove a risk of flight or obstruction by a preponderance of the evidence.**

The defendant claims that no detention hearing is appropriate unless the government shows beforehand, by a preponderance of the evidence, that he presents a risk of flight or obstruction (R. 25). But the text of § 3142 contains no such preponderance requirement to obtain a hearing. The controlling text provides that a "judicial officer shall hold a hearing . . . upon motion of the attorney for the Government . . . , in a case that involves [either] a serious risk that such person will flee; or [] a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B).

The purported preponderance "requirement" for obtaining a detention hearing has unclear parentage. Two district court cases cited by the defendant for that proposition—*United States v.*

*Mendoza-Balleza*, 420 F. Supp. 3d 716 (E.D. Tenn. 2019), and *United States v. White*, 2021 U.S. Dist. LEXIS 100544, *9 (M.D. Tenn. May 27, 2021)—rely principally on *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). However, *Friedman* merely asserts this preponderance requirement without any analysis of the statutory text:

> After a motion for detention has been filed, the district court must undertake a two-step inquiry. *See United States v. Shakur,* 817 F.2d 189, 194 (2d Cir.1987). It must first determine by a preponderance of the evidence, *see United States v. Jackson,* 823 F.2d 4, 5 (2d Cir.1987), that the defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice.

*United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).[1] Instead, *Friedman* cites *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987), as authority for the preponderance requirement when detention is sought under § 3142(f)(2).

But *Jackson* does not establish a preponderance requirement for § 3142(f)(2) detention motions, either. *Jackson* involved a conspiracy to distribute heroin, which meant it not only automatically qualified for a detention hearing under § 3142(f)(1)(C), but it also carried a statutory presumption of detention under § 3142(e)(3)(A). *Jackson*, 823 F.2d at 6. Accordingly, *Jackson* did not address what evidentiary showing, if any, must be made when moving for detention under § 3142(f)(2). *Jackson*, 823 F.2d at 5 ("We first consider Jackson's contention that the district court did not make adequate findings to support its *order of detention* on the ground of risk of flight. Although the district court should have made more concrete findings, we find no reversible error here. The issue before the district court on the government's motion was whether any 'condition or

---

[1] Given that it lies within the Second Circuit, the Southern District of New York is obligated to follow it. *United States v. Madoff*, 586 F. Supp. 240 (S.D.N.Y. 2009).

combination of conditions will reasonably assure the appearance of the [defendant].' 18 U.S.C. § 3142(e).") (emphasis supplied).

*Friedman*'s citation to *Jackson* is important because, as shown above, district courts regularly cite *Friedman* in requiring the government to first make a preponderance showing as a jurisdictional gateway to a detention hearing when detention is sought under § 3142(f)(2). But *Friedman* explicitly relied on *Jackson*, and *Jackson* did not (and could not) address the precise question at issue in this case: whether the text of § 3142 requires that detention motions made under (f)(2)—based on a serious risk of flight or obstruction—must first be shown by a preponderance of the evidence before the Court may hold a detention hearing in which the § 3142(g) factors may be analyzed.

The Eighth Circuit recently found "good reasons to reject" the two-step process which the defendant claims must occur before any hearing is granted:

> While we agree the government has the burden to show that the case 'involves' one of the circumstances defined in § 3142(f)(1) or (2), we have never held that a detention order may not be entered unless the judicial officer conducts the rigid 'two-step inquiry' urged by [the defendant]. There are good reasons to reject this contention. First, as the statute directs, pretrial detention is an issue that should be resolved at the outset of the criminal case. Delay either keeps a person in post-arrest detention that may be unnecessary, or keeps a person who should be detained prior to trial at large in the community. Requiring the judicial officer to conduct a § 3142(f)(2)(A) hearing and then a second § 3142(e)(1) hearing is in our view both a waste of judicial resources and contrary to the Bail Reform Act's purposes. Second, the two inquiries, while not identical, substantially overlap.

*United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). The D.C. Circuit likewise recognized, in a slightly different context, that a "two-tiered hearing-within-a-hearing procedure would protract detention analysis." *United States v. Singleton*, 182 F.3d 7, 12 (D.C. Cir. 1999).

Nor does legislative history suggest any preponderance requirement to obtain a detention hearing. Several circuits have invoked legislative history for the proposition that "Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the §3142(f) conditions for holding a detention hearing exists." *United States v. Ploof*, 851 F.2d 7, 10-11 (1st Cir. 1988); *accord United States v. Himler*, 797 F.2d 156, 160 (3rd Cir. 1986). Those courts cited the same senate committee report, which stated that the §3142(f) "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." S. Rep. No. 225, 98th Cong., 2d Sess. 20, *reprinted in* 1984 U.S. Code & Admin. News 3182, 3203. Aside from the fact that legislative history is not a reliable source of congressional intent, nor a trustworthy tool of statutory interpretation, *e.g.*, *Conroy v. Aniskoff*, 507 U.S. 511, 519 (1993) (Scalia, J., concurring in judgment), the most plausible reading of that legislative history is that, if the United States seeks detention based on § 3142(f)(2), a court cannot order detention unless it finds both that there is a serious risk that the defendant will engage or attempt to engage in the conduct described in that section "and that no condition or combination of conditions set forth in § 3142(c) will reasonably assure the safety of any other person and the community." *Ploof*, 851 F.2d at 12 (emphasis omitted). It does not require the government to prove compliance with § 3142(f) by a preponderance of the evidence before granting a detention hearing.

The alleged preponderance requirement to obtain a hearing for (f)(2) detention motions, as opposed to (f)(1) detention motions,[2] would seem to negate the need for any detention hearing, at least where the preponderance standard is ultimately used to determine whether detention is appropriate. If the government were required to prove the risk of flight or obstruction by a

---

[2] "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010), citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

4

preponderance of the evidence to obtain a hearing, why would there ever be a need for the court to actually hold a detention hearing?  Under the defendant's theory, the government would have already had to prove his risk of flight or obstruction by a preponderance of the evidence just to get the hearing.  That cannot be right.

**The defendant presents a serious risk of obstruction and witness interference.**

In any event, the United States, through its previously filed memorandum, has proffered that this case involves a serious risk of obstruction, including interference with witnesses.  At the forthcoming detention hearing, the United States intends to offer into evidence text messages from the defendant to other co-conspirators showing that the defendant is highly likely to affirmatively assist in concealing material witnesses from law enforcement.  As a result, he should be detained pending trial.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *s/David P. Lewen, Jr.*
DAVID P. LEWEN, JR.
Assistant United States Attorney
TN Bar No. 042915
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
david.lewen@usdoj.gov