UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CASE NO. 3:26-CR-14 |
| v. | ) |
| | ) JUDGES CRYTZER/McCOOK |
| TYLER WELLS and | ) |
| ALEXANDER BONILLA-SERVIN | ) |

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR BILL OF PARTICULARS**

An eight-page, ten-count Indictment. Six identified victims. A single date range. A detailed conspiracy charge. The defendants know what they are charged with, when it happened, and to whom. And still they say they do not know what they are accused of. What the defendants seek is not notice—they have that—but a preview of how the United States intends to prove its case. That is not what a bill of particulars is for, and the Court should deny Tyler Wells's Motion for Bill of Particulars [Doc. 41] and Defendant Alexander Bonilla-Servin's Motion for Bill of Particulars [Doc. 44].

### I. LEGAL STANDARD

*Federal Rule of Criminal Procedure* 7(f) provides that "[t]he court may direct the filing of a bill of particulars." The granting of a bill of particulars is wholly within the sound discretion of the trial court. *United States v. Cooper*, 577 F.2d 1079, 1089 (6th Cir. 1978) (holding that grant or denial of bill of particulars rests within the trial court's sound discretion), *cert. denied*, 439 U.S. 868 (1978); *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) (same), *cert. denied*, 455 U.S. 1021 (1982). Proof of abuse of discretion requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial of the motion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (requiring defendant to demonstrate actual prejudice

at trial and prejudice to substantial rights), *reh'g en banc denied* (2005); *United States v. Darden*, 346 F. Supp. 3d 1096, 1118 (M.D. Tenn. 2018) (denying in part bill of particulars in multi-defendant conspiracy prosecution and applying same standard); *United States v. Phibbs*, 999 F.2d 1053, 1086 (6th Cir. 1993) (quoting *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)).

The purpose of a bill of particulars is to: (1) ensure that a defendant understands the nature of the charges against him so that he can adequately prepare for trial; (2) avoid or minimize the danger of unfair surprise at trial; and (3) enable the defendant to plead double jeopardy if he is later charged with the same crime when the indictment itself is too vague and indefinite for such purposes. *See Wong Tai v. United States*, 273 U.S. 77 (1929); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)).

The test for determining whether a bill of particulars should issue is "'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *Kendall*, 665 F.2d at 134 (quoting *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978), *cert. denied*, 439 U.S. 857 (1978)). A bill of particulars severely narrows the United States' latitude in presenting evidence. It confines the United States' proof to the particulars furnished—and thereby restricts the very evidence the United States may offer at trial. *Haskins*, 345 F.2d at 114 ("When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified, i.e., the bill limits the scope of the government's proof at the trial.") (citations omitted). Courts must accordingly balance the defendant's need for the information against the effect of narrowing the United States' scope of proof. *Id.*

## II. THE INDICTMENT PROVIDES ADEQUATE NOTICE

The starting point is the Indictment to determine whether, in fact, it sufficiently informs the defendant of the charges to enable him to prepare his defense. *United States v. Bavers*, 787 F.2d 1022, 1028 (6th Cir. 1985) (noting that analysis begins with whether indictment sufficiently informs defendant of the charges). Here, the ten-count Indictment does that.

It charges both defendants in Count One with conspiracy to conceal, harbor, and shield from detection aliens who had entered or remained in the United States in violation of law, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(1)(B)(i). It specifies the conspiracy's dates, January 5th through 13th. It identifies six individuals (Individuals 1 through 6) whom the defendants allegedly concealed, harbored, and shielded from detection. It describes the means and methods of the conspiracy, including that Wells warned workers of the officers' presence, that Bonilla-Servin drove his vehicle in a manner that impeded law enforcement, and that both defendants acted to prevent HSI and ERO officers from surveilling, locating, and apprehending individuals unlawfully present in the United States. Count Two charges Wells and Bonilla-Servin with assault on a federal officer with a deadly weapon in violation of 18 U.S.C. §§ 111(a)(1) and (b), specifying that Bonilla-Servin struck a government vehicle with his blue GMC pickup truck. Count Three charges Bonilla-Servin with assault on a federal officer under § 111(a)(1), describing that he drove his truck directly at an officer. Count Four charges both defendants with conspiracy to impede federal officers in violation of 18 U.S.C. § 372, identifying the federal officers as HSI and ERO officers surveilling the construction site. Counts Five through Ten charge the defendants with harboring six separately identified individuals, each in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

This is not a bare-bones indictment that merely tracks the statutory language. It specifies the date, location, participants, means, and conduct. That is enough. As in *Wong Tai*, an indictment for conspiring to commit an offense, "it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy . . . , or to state such object with the detail which would be required for an indictment for committing the substantive offense." 273 U.S. at 81; *see United States v. Branan*, 457 F.2d 1062, 1064 (6th Cir. 1972) (applying same principle in the Sixth Circuit). Where the indictment sufficiently apprises the defendant of the necessary particulars, a bill of particulars is not necessary. *Branan*, 457 F.2d at 1064 (holding that bill of particulars is unnecessary where indictment adequately apprises defendant of the charges); *see also United States v. Haddix*, No. 5:07-137-JMH, 2007 WL 4553170, at *2 (E.D. Ky. Dec. 19, 2007) ("[a] bill of particulars is not an investigative tool to be used for the acquisition of evidentiary detail, and the prosecution need not particularize all of its evidence before trial.") (quoting *United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990)). Indeed, "[t]he level of detail in the indictment can be a basis for denying the motion for a bill of particulars." *United States v. Bibbs*, No. 3:19-cr-151-TAV-DCP, 2021 WL 2383326, at *5 (E.D. Tenn. June 10, 2021) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)).

## III. DEFENDANTS' SPECIFIC REQUESTS EXCEED THE SCOPE

### A. The Identity of Individuals 1 Through 6

Wells demands the "true identity" of Individuals 1 through 6; Bonilla-Servin joins that demand. But the law does not require the United States to name the very people the defendants are charged with hiding. A defendant may be indicted and convicted even when coconspirators or

victims remain unnamed, so long as the United States presents evidence to establish the essential elements of the charged offense.

As the Sixth Circuit has explained, a defendant "may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (citations omitted). "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet." *United States v. Piccolo*, 723 F.2d 1234, 1239 (6th Cir. 1983) (quoting *United States v. Davis*, 679 F.2d 845, 851 (11th Cir. 1982)).

The United States has designated the six harbored individuals by pseudonyms to protect their identities. The Indictment identifies each by number and attributes specific harboring conduct to both defendants for each one in Counts Five through Ten. In fact, Wells's own motion undermines his claim of surprise: he concedes that he "believes from the detention proceedings that the Government alleges harboring, etc., by warning and/or hiding aliens." [Doc. 41 at 2]. A defendant who already knows the United States' theory does not need a bill of particulars to learn it. *See United States v. Darden*, 346 F. Supp. 3d 1096, 1119–20 (M.D. Tenn. 2018) (denying bill of particulars seeking witness identities where safety concerns warranted nondisclosure and discovery had been provided).

### B. The Meaning of "Conceal, Harbor, and Shield from Detection"

Both defendants request that the United States specify the "particular acts" that constitute concealing, harboring, and shielding from detection. That request is not a demand for notice—it is a demand for the United States' evidence and trial strategy, and it far exceeds the proper scope.

"A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. . . . Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (emphasis in original); *see, e.g., United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (holding that bill of particulars is not a discovery device for obtaining the government's evidence); *United States v. Krantz*, No. 1:20-CR-336, 2021 WL 1379493, at *3 (N.D. Ohio Apr. 12, 2021) ("A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." (quoting *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)).

The Indictment already describes the means and methods of the conspiracy in detail. It alleges that Wells alerted workers to warn them of ICE officers' presence, that both defendants acted to prevent officers from surveilling, locating, and apprehending individuals unlawfully present in the United States, and that Bonilla-Servin used his vehicle to forcibly impede officers. Courts consistently reject the notion that a bill of particulars can force the United States to commit to the details of the conspiracy: "[a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987) (citations omitted).

**C.** **"Private Financial Gain"**

Wells requests specifics regarding the allegation of "private financial gain" under 8 U.S.C. § 1324(a)(1)(B)(i). [Doc. 41 at PageID #: 236]. The Indictment alleges that the conspiracy was committed for the purpose of commercial advantage or private financial gain. The nature of that

gain—employing workers on a construction site—is self-evident from the face of the Indictment and the discovery already provided. Wells was the construction site's manager; the workers were on his site. The financial motive speaks for itself. *See United States v. Zheng*, 87 F.4th 336, 344–45 (6th Cir. 2023) (affirming convictions under § 1324(a)(1)(A)(v)(II) where defendants employed undocumented workers for commercial advantage).

### D. Force, "Offensive Posture," and "Physical Aggression"

Bonilla-Servin complains that the Indictment's allegations—that he "positioned a truck in an offensive posture and as a display of physical aggression"—are "vague and subjective." [Doc. 44 at PageID: 247]. They are neither. The Indictment does not traffic in subjective impressions. Count Two alleges that Bonilla-Servin struck a government vehicle with his blue GMC pickup truck—assault with a deadly weapon under 18 U.S.C. § 111(b). Count Three alleges that he caused his truck to strike a vehicle occupied an HSI officer and ERO officer. The weapon is identified: the truck. The manner of assault is identified: striking a vehicle, driving at the officers. The officers are identified. What Bonilla-Servin wants is not the charge but the proof—and a defendant has no right to know how the United States intends to prove the offenses. *See Krantz*, No. 1:20-CR-00478, 2021 WL 1379493, at *1 (N.D. Ohio Apr. 13, 2021) ("It is also relevant for the Court to consider that 'once a bill of particulars is filed, it confines the Government's evidence to the particulars furnished and therefore restricts the Government's proof.'" (quoting *United States v. Martin*, No. 86-1663, 1987 WL 38036, at *2 (6th Cir. July 4, 1987)); *United States v. Horak*, 633 F. Supp. 190, 195–96 (N.D. Ill. 1986) (holding that defendant has no right to know how the government intends to prove the charged offenses).

### E. Official Duties of Officers

Wells requests specifics about the "official duties" of the ICE and ERO officers. [Doc. 41 at PageID #: 236]. The Indictment identifies the officers as ICE and ERO officers and states that they were engaged in illegal immigration enforcement, namely, the surveilling of the construction site. The nature of those duties—enforcing federal immigration law through surveillance of a location known to contain illegal aliens—is self-explanatory. This request seeks evidentiary detail that is unnecessary to prepare a defense and improperly attempts to use the bill of particulars as a discovery device. *See Salisbury*, 983 F.2d at 1375 (noting that a bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.") (citations omitted).

## IV. DISCOVERY ALREADY PROVIDED SUPPLIES THE INFORMATION DEFENDANTS SEEK

In addition to the Indictment's detailed recitation of the charges, the United States has provided both defendants with discovery that exceeds its obligations under Rule 16. That discovery includes, among other things, body-worn camera footage of the events at the construction site, cellular telephone records, witness statements, 911-calls, homeowner's surveillance video and a local business's surveillance video, the affidavit for criminal complaint, and cell phone search warrant affidavit. This material provides defendants with the precise factual basis for each charged offense. *See United States v. Switzer*, No. 21-20104, 2021 WL 4522309, at *5 (E.D. Mich. Oct. 4, 2021) (denying defendant's motion for a bill of particulars and holding that "additional factual detail in support of the charges is contained in the criminal complaint and supporting affidavit which preceded the indictment."); *United States v. Jordan*, No. 3:07-cr-89, 2008 WL 138744, at *2 (E.D. Tenn. Jan. 10, 2008) (Guyton, M.J.) ("Aside from what may have been related through

8

discovery disclosures, the Court finds there is a surfeit of information about the government's theory of this case available to the defendant on the public documents filed in the related cases on the court's electronic filing system.")

Where, as here, the United States has exceeded its discovery obligations, with yet additional information contained within the court's public record in this case, the defendants cannot claim a need for a bill of particulars. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("To the extent the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary."); *see also United States v. Musick*, 291 F. App'x 706 (6th Cir. 2008) (no error in denial of bill of particulars where indictment sufficiently detailed who was involved, the relevant dates, means and methods, and the government had provided significant discovery); *Darden*, 346 F. Supp. 3d at 1119 (denying bill of particulars where extensive discovery addressed defendants' inquiries); *United States v. Riley*, 597 F. Supp. 3d 1171, 1174 (N.D. Ohio 2022) (denying bill of particulars where full and complete discovery obviated the need); *Krantz*, 2021 WL 1379493, at *3 (same). The defendants already know the theory of the United States' case and the nature of their involvement in the offenses charged. Their motions seek not the notice to which they are constitutionally entitled, but a roadmap of the United States' trial strategy. *See United States v. Crayton*, 357 F.3d 560, 568 (6th Cir.2004); *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir.1976); *Salisbury*, 983 F.2d at 1375.

### V. GRANTING A BILL OF PARTICULARS WOULD IMPROPERLY RESTRICT THE UNITED STATES' PROOF AT TRIAL

A bill of particulars serves a narrow purpose; it is not for general discovery. Granting the defendants' broad and improper requests would unfairly restrict the United States at trial. The legal effect of a bill of particulars is to severely narrow the United States' latitude in presenting evidence.

Once filed, it confines the United States' evidence to the particulars furnished and therefore restricts the United States' proof. *Haskins*, 345 F.2d at 114. To allow the bill of particulars to serve as a wholesale discovery device would frustrate the federal discovery rule. *See United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986) (holding that permitting bill of particulars to serve as wholesale discovery device would frustrate the federal discovery rule).

The defendants' requests amount to granular interrogatories dressed as a bill of particulars. They seek the identities of witnesses, the details of the United States' evidence, and the precise way the United States intends to prove its case. Rule 7(f) does not provide for that. To the extent that the defendants' requests seek information contained in the statements of government witnesses, the Jencks Act makes clear that such statements need not be produced until after the witness has testified on direct examination at trial. 18 U.S.C. § 3500. A defendant cannot use a bill of particulars to obtain what the Jencks Act withholds. The Act prohibits disclosure of government witness statements "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). No discovery mechanism—a bill of particulars included—may override that statutory mandate. *See United States v. Presser*, 844 F.2d 1275, 1286 n.12 (6th Cir. 1988) ("Although a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it, the court may not disregard the Jencks Act mandate.").

## VI. CONCLUSION

The defendants know the what, the when, the where, and the who. What they do not know is how, and that is not a deficiency in the Indictment. In other words, the Indictment tells the defendants what they did. The discovery shows them how the United States knows. A bill of particulars is not a vehicle for learning what comes next. The United States accordingly

respectfully requests that this Court deny Defendant Wells's Motion for Bill of Particulars [Doc. 41] and Defendant Bonilla-Servin's Motion for Bill of Particulars [Doc. 44].

Respectfully submitted,

FRANCIS M. HAMILTON III,
UNITED STATES ATTORNEY

*s/David P. Lewen, Jr.*
DAVID P. LEWEN, JR.
Assistant United States Attorney
TN Bar No. 042915
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
david.lewen@usdoj.gov


*s/ Russ Swafford*
RUSS SWAFFORD
Assistant United States Attorney
Tennessee Bar No. 034803
1110 Market Street, Suite 515
Chattanooga, Tennessee 37402
(423) 385-1332
russ.swafford@usdoj.gov