| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case No. 3:26-CR-14** |
| | ) | **JUDGES CRYTZER/McCOOK** |
| TYLER SHANE WELLS | ) | |

**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING "INDIVIDUALS 1-6"**

Comes Defendant Tyler Wells, through undersigned counsel, and respectfully moves this Court for an Order excluding testimony from Government agents or officers repeating the statements that were summarized from interviews with arrestees at the scene of the Hardin Valley job site because such admission would violate the Federal Rules of Evidence and the Confrontation Clause.

## I.    INTRODUCTION

The Indictment charges that the defendants conspired to harbor and did harbor Individuals 1-6 who had allegedly entered into and remained in the United States in violation of the law. Discovery provided by the Government in this case includes a two-page summary of six interviews that were conducted on January 13, 2026, by HSI Agent R.N. and Deportation Officer J.K. *See* Ex. A.[1] The page of notes does not indicate what date it was typed, nor who typed out the notes. Each interview contains two to five sentences of notes about interviews with six individuals who were arrested at the jobsite.  The interviews contain statements about the immigration status of the individuals.

---

[1] Out of an abundance of caution, defense counsel redacted identifying information in the attached Exhibit A.

Testimony based on these statements is inadmissible under the rules of evidence and the Confrontation Clause and should be excluded.

## II.  THE INTRODUCTION OF THESE SUMMARIES IS INADMISSIBLE UNDER THE CONFRONTATION CLAUSE

The Sixth Amendment protects a defendant's right "to be confronted with the witnesses against him." U.S. Const. amend. VI. "Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

The statements that make up these summaries are each testimonial. A statement is testimonial when "the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). "[I]nterrogations by law enforcement officers fall squarely within that class." *Id*. at 823 (quoting *Crawford*, 541 U.S. at 53). The notes begin by explaining that the individuals interviewed were arrested and interviewed. It is clear that they were interviewed in anticipation of prosecution. *See* Doc. 37, Page ID#113-14 (Government arguing "All of these individuals that he's causing to disappear are material witnesses and he knows that. That's active obstruction. . . in. . . the government's prosecution of this case before this Court").

Mr. Wells never had the opportunity to cross-examine these witnesses. Therefore, the introduction of their statements is inadmissible and would violate Mr. Wells's right to confront witnesses against him.

### III. TESTIMONY RELATED TO THE NOTES QUALIFIES AS IMPERMISSIBLE HEARSAY AND IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE.

The Rules of Evidence prohibit the introduction of evidence from Government witnesses related to the notes summarizing interviews with six detained individuals. Hearsay is defined as a statement made outside of court that is offered in court for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is inadmissible unless an exception applies. Fed. R. Evid. 802.

Here, the notes in Exhibit A summarize six interviews from individuals arrested at the jobsite on January 13, 2026. These are statements that were made outside of court. The summaries each include a sentence stating that the individual entered the United States without inspection. These statements are only relevant in this case, if true. Unlawful presence in the United States is an essential element of all of the harboring offenses charged under 18 U.S.C. § 1324. See Counts 1, 5-10. For these reasons, evidence related to the summaries should be excluded.

Even if there were a hearsay exception, it would not cure the Confrontation Clause violation. Mr. Wells believes that the exception for statement against interest set out in Fed. R. Evid. R. 804(b)(3) would not apply because the witnesses would not be considered unavailable under Rule 804(a)(5). Further, there is no corroborating evidence indicating its trustworthiness as required by Fed. R. Evid. R. 804(b)(3)(B).

### IV. UNITED STATES EMPLOYEES DO NOT HAVE THE PERSONAL KNOWLEDGE REQUIRED TO TESTIFY AS TO INFORMATION REGARDING THE INDIVIDUALS DETAINED AND OUTLINED IN THE NOTES PROVIDED IN DISCOVERY.

The Government agents in this case do not have independent personal knowledge of the information that is contained in this two-page summary and therefore should not be permitted to testify to the contents of these notes. A witness may testify on a matter "only if evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the matter."
Fed. R. Evid. 602. Statements that are not rooted in personal knowledge but are instead based on what an individual told a witness are considered inadmissible "hearsay and/or because of lack of personal knowledge on the part of the witness." *Love v. United States*, No. 2:03-CR-62, 2012 U.S. Dist. LEXIS 41794, at *24 (E.D. Tenn. Mar. 27, 2012). The information contained in this summary appears to be based solely on the interviews conducted with the six individuals after their arrest.

## V. THE DOCUMENT ITSELF IS INADMISSIBLE UNDER THE RULES OF EVIDENCE.

In the event that the Government intends to offer the document itself as evidence in its case-in-chief, it is inadmissible under Rule 805 and 1006. The document itself is considered hearsay within hearsay and does not fall under an exception. Fed. R. Evid. 805. It is a written statement typed outside of court, documenting purported summaries of statements made during interviews.

Further, it is inadmissible under Federal Rule of Evidence 1006. Rule 1006 permits the admission of "a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence." Fed. R. Evid. 1006. That is clearly not the case with this document. This summary is not intended to prove the content of any writing, recording, or photograph.

For these reasons, the summary and its contents should be excluded.

Respectfully submitted this 16th day of March 2026.

/s/ Georgia Miller
WADE V. DAVIES [BPR #016052]
GEORGIA A. MILLER [BPR #041197]
The Davies Law Firm, PLLC
900 S. Gay Street, Suite 802
Knoxville, TN 37902

(865) 686-6333
<wdavies@wadedavies.law>
*Counsel for Tyler Wells*